UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JULIAN GARCIA, | § | |
| TDCJ # 1182237, | § | |
|     Petitioner, | § | |
| | § | |
| | § | EP-17-CV-253-KC |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Julian Garcia challenges his conviction for indecency with a child through a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Garcia claims his counsel provided constitutionally "ineffective assistance"; the court exhibited "bias, prejudice and violated his right" to see a consular official; and the prosecutor engaged in "misconduct."[1] Respondent Lorie Davis answers "Garcia's claims are time barred as well as unexhausted and procedurally barred."[2] After reviewing the pleadings and the record, the Court concludes Garcia's petition is untimely and he is not entitled to equitable tolling. The Court will, accordingly, deny Garcia's petition as time barred. Additionally, the Court will deny Garcia a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Davis has custody of Garcia pursuant to a judgment and sentence imposed by the 346th District Court of El Paso County, Texas.[3] A jury found Garcia guilty of indecency with a child,

---

[1] Pet'r's Pet. at 6–7, ECF No. 1.

[2] Resp't's Answer at 1, ECF No. 14.

[3] *See Garcia v. State*, No. 08-03-00308-CR, 2005 WL 1488107 (Tex. App.—El Paso 2005, no pet.) (summarizing the facts).

and assessed punishment at a term of 20 years' imprisonment. Garcia timely appealed, and the Eighth Court of Appeals affirmed his conviction on June 23, 2005.[4] Garcia did not seek discretionary review of the appellate court's decision.

On April 4, 2006, Garcia filed an application for state writ of habeas corpus.[5] On March 14, 2007, the Texas Court of Criminal Appeals denied the application without written order.[6] In 2016, Garcia filed another state application for writ of habeas corpus, which the Court of Criminal Appeals dismissed as subsequent on March 30, 2016.[7]

Garcia asserts four grounds for relief in the instant petition filed on April 7, 2016.[8] First, he claims his trial counsel provided constitutionally ineffective assistance when he (1) denied Garcia the right to consult with a consular officer from Honduras, (2) failed to investigate the fact that the alleged victim made her outcry while in California, (3) did not interview a co-worker to prove Garcia was nowhere near the victim on the date of the alleged offence, and (4) performed in a generally deficient and ineffective manner.[9] Second, Garcia maintains his appellate counsel provided ineffective assistance when they failed to argue the evidence was insufficient to support his conviction.[10] Third, Garcia contends the trial judge engaged in misconduct when he (1) denied Garcia the right to consult with a consular officer, (2) disrupted Garcia's trial counsel during the cross-examination of the victim, and (3) directed the jury to deliberate further after the jurors stated they could not convict Garcia due to insufficient

---

[4] *Id.* at *1.
[5] State Writ Application, April 4, 2006, at 84−105, ECF No. 13-14.
[6] Action Taken, March 14, 2007, ECF No. 13-12.
[7] Action Taken, March 30, 2016, ECF No. 13-16.
[8] Pet'r's Pet. at 10.
[9] *Id.* at 6.
[10] *Id.*

evidence.[11] Finally, Garcia claims the prosecutor engaged in misconduct when he (1) denied Garcia the right to consult with a consular officer, (2) suppressed evidence that the victim's outcry occurred in California and Garcia was not in contact with her, and (3) falsified the charge to cover up the love affair of the victim's mother.[12] Garcia asks the Court "[f]or a real investigation of all [the] facts in this Petition, for a new trial, for a new appeal, reverse and remand of sentence and guilty finding, for a reduction of sentence or a pardon of sentence."[13]

## APPLICABLE LAW

Claims under § 2254 are subject to a one-year statute of limitations.[14] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[15]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[16] "[A]n application is '*properly* filed' when its delivery and acceptance are in

---

[11] *Id.* at 7.
[12] *Id.*
[13] *Id.*
[14] *See* 28 U.S.C. § 2244(d)(1) (2012) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").
[15] *Id.* §§ 2244(d)(1)(A)−(D).
[16] *Id.* § 2244(d)(2).

compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery."[17]

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[18] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[19] It is justified only "'in rare and exceptional circumstances.'"[20] Such circumstances include situations in which a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'"[21] Moreover, "'[e]quity is not intended for those who sleep on their rights.'"[22] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[23] Furthermore, a petitioner has the burden of proving his entitlement to equitable tolling.[24] In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.[25]

---

[17] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

[18] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[19] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[20] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[21] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[22] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[23] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

[24] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[25] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

As an initial matter, Garcia does not indicate that any unconstitutional "State action" prevented him from timely filing his application for federal habeas relief.[26] Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[27] Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[28] Thus, Garcia's limitations period began to run when his judgment of conviction became final.[29]

Garcia was convicted and sentenced on June 25, 2003.[30] The Eighth Court of Appeals denied relief in an opinion issued June 23, 2005.[31] Garcia's conviction became "final" on July 25, 2005, when the time expired for Petitioner to seek discretionary review of the appellate court's decision.[32] Accordingly, the one-year statute of limitations with regard to Garcia's federal habeas action began on July 25, 2005, and absent periods of statutory tolling, expired on July 25, 2006.[33]

After 253 days of the statute of limitations passed, the statute of limitations was statutorily tolled from April 4, 2006, when Garcia filed an application for state writ of habeas corpus, until March 14, 2007, when the Texas Court of Criminal Appeals denied the application.

---

[26] 28 U.S.C. § 2244(d)(1)(B).

[27] *Id.* § 2244(d)(1)(C).

[28] *Id.* § 2244(d)(1)(D).

[29] *Id.* § 2244(d)(1)(A).

[30] Trial Tr., ECF No. 13-10.

[31] *Garcia*, 2005 WL 1488107.

[32] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 26.2 (a)(1). Because July 23, 2005, was a Saturday, Garcia had until Monday the 25th to file a petition for discretionary review.

[33] 28 U.S.C. § 2244(d).

Garcia then had 112 days—until July 13, 2007—to file his federal habeas action within the one-year statute of limitations.

Garcia signed his federal habeas petition on April 7, 2016, approximately eight years and eight months after the statute of limitations expired. Although Garcia submitted a second state habeas application in 2016, this application did not toll the limitation period because he filed it after the limitation period expired.[34] The Court finds Garcia's petition is time barred, and must be denied, unless he is entitled to equitable tolling.

The statute of limitations is subject to equitable tolling.[35] But a federal habeas petitioner is entitled to equitable tolling only if he shows he diligently pursued his rights and that some extraordinary circumstance prevented timely filing.[36] Although the Fifth Circuit Court of Appeals permits equitable tolling in certain cases, it requires a finding of "exceptional circumstances."[37]

The Fifth Circuit has consistently found no exceptional circumstances even in cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications.[38] The Fifth Circuit has explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and that "excusable neglect" does not support equitable tolling.[39]

Garcia marked "N/A" in response to question 26 in his habeas petition concerning its

---

[34] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

[35] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[36] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (citing *Holland*, 560 U.S. at 649).

[37] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[38] *See Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 297 (5th Cir. 1998).

[39] *Coleman*, 184 F.3d at 402.

timeliness.[40] He did not reply to Davis's answer to his petition. He has not suggested any basis for equitable tolling. He has not identified any "rare and exceptional" circumstances in his case.[41] He has not shown he exercised due diligence in pursuing his claims.[42] Accordingly, the Court finds Garcia is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[43] Although Garcia has not yet filed a notice of appeal, the Court must nonetheless address whether he is entitled to a certificate of appealability.[44] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[45] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[46] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[40] Pet'r's Pet. at 9.

[41] *Tiner v. Treon*, 232 F.3d 210 (5th Cir. 2000); *Coleman*, 184 F.3d at 403.

[42] *Palacios v. Stephens*, 723 F.3d 600 (5th Cir. 2013) (finding no diligence where the petitioner spent seven months of statute of limitations period seeking an attorney and did not file protective petition after discharging attorney); *Fisher*, 174 F.3d at 715.

[43] 28 U.S.C. § 2253(c)(1).

[44] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[45] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[46] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ruling."[47] Here, Garcia is not entitled to a certificate of appealability because jurists of reason would not debate the Court's conclusion that his claims are time barred and he is not entitled to equitable tolling.

## CONCLUSION AND ORDERS

After carefully reviewing the petition and record, the Court finds that Garcia's claims are time-barred and that he is not entitled to equitable tolling. The Court therefore concludes that Garcia is not entitled § 2254 relief. Further, the Court concludes Garcia is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Garcia's pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Garcia is **DENIED a CERTIFICATE OF APPEALABILITY.**

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 13th day of February, 2018.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[47] *Id.*